**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001782
23-MAY-2014
09:42 AM**

NOS. CAAP-13-0001782 & CAAP-13-0003276

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MATTHEW A. STEINGREBE, Plaintiff-Appellee, v.
PAULA K. STEINBREBE, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 11-1-7050)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

In this consolidated appeal, Defendant-Appellant Paula K. Steingrebe ("Mother") appeals from the "Decree Granting Absolute Divorce and Awarding Child Custody" ("Decree") filed on June 6, 2013 in the Family Court of the First Circuit ("Family Court").[1][2] As part of her challenge to the Decree, Mother challenges certain conclusions of law ("COL") in the Findings of Fact and Conclusions of Law issued by the Family Court on August 30, 2013, ("FOF/COL").[3]

---

[1]     The Honorable Bode A. Uale presided.

[2]     In the second notice of appeal, Mother states that in addition to the Decree, she is appealing from the denial of her June 14, 2013 Motion to Reconsider, Alter or Amend Orders or in the Alternative for Further Hearing or New Trial, but does not attach the August 15, 2013 order denying that motion to the notice of appeal. Mother does not raise this as a point of error, nor does she argue it at all, and thus we deem it waived. Haw. R. App. P. 28(b)(4) and (6).

[3]     In response to Mother's second notice of appeal, the Family Court issued a Second Findings of Fact and Conclusions of Law on October 31, 2013 which is identical to the FOF/COL, except for the first two introductory paragraphs. References to the FOF/COL includes the second set.

On appeal, Mother appears to challenge a number of the decisions made by the Family Court over the course of the divorce and custody proceedings in this case.[4/] We address the following points in an order which reflects the order of the Family Court proceedings.

(1) Mother's previous lawyer prevented her from appealing the Order Re: Trial from the trial held on September 13, 19, 20 and 30, 2011 ("September 2011 trial"), which involved Mother's request for an order for protection.

(2) The Family Court erred in granting Plaintiff-Appellee Matthew A. Steingrebe's ("Father") motion in limine to strike evidence of spousal abuse from the trial held on January 28 and 29, and March 4, 2013 ("January/March 2013 trial") (COL 2).

(3) The Family Court erred in granting temporary physical custody of Mother and Father's child ("Son") to Father after the first day of the January/March 2013 trial, continuing through the end of the second day of the trial (COL 5).

(4) The Family Court should not have accepted the parties' Agreement Incident to Divorce (Re: Property Division) ("Agreement Incident to Divorce") or incorporated the terms of that agreement into the Decree (COL 13).

(5) The Family Court abused its discretion in authorizing Father to take the Audi vehicle as part of its Order Re Trial Setting of January 29, 2013 ("Order to Continue Trial") (COL 3).

(6) The Family Court abused its discretion in granting temporary physical custody of Son to Father pending the continuation of trial to March 4, 2013, as part of its

---

[4/]     Mother's opening brief does not comply with Hawai'i Rules of Appellate Procedure Rule 28(b) in nearly any respect.  On this basis alone, Mother's appeal could be dismissed.  Haw. R. App. P. 30.  However, we have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible[.]" *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (quoting *Housing Fin. & Dev. Corp. v. Ferguson*, 91 Hawai'i 81, 85-86, 979 p.2d 1107, 1111-12 (1999)) (internal quotation marks omitted).  Specifically, we have observed that "the foregoing policy is most acute where . . . the litigant is pro se." *Middleton v. Wong*, Nos. 29164 and 30618, 2012 WL 1688535, at *1 (Haw. Ct. App. May 15, 2012).

Order to Continue Trial (COL 5).

(7) The Family Court improperly determined in its Order to Continue Trial that Father only owed child support and alimony arrears as of December 2012, when he should have owed arrears dating back to March 2011 (COL 6).

(8) The Family Court erred in awarding only $300.00 per month in alimony to Mother (COL 11).

(9) The Family Court erred in awarding Mother only 47% as her share of Father's military retirement (COL 13).

(10) The Family Court abused its discretion in concluding that it was in the best interest of Son that Father be awarded sole legal and primary physical custody of Son, with reasonable visitation to Mother (COL 10).

(11) Father is concealing Son from Mother, in violation of previous orders of the Family Court.

(12) The Family Court erred in failing to award attorney's fees to Mother (COL 15).

Upon careful review of the record and Mother's briefs, and having given due consideration to the arguments advanced and the issues raised, we affirm the Decree and resolve Mother's points of error as follows:

(1) Mother appears to allege that her initial attorney in these proceedings prevented her from appealing from the Order Re: Trial which addressed her Petition for an Order for Protection.[5] That attorney withdrew as counsel on December 27, 2011. The Order Re: Trial was filed on January 26, 2012, while Mother was represented by new counsel. Still, Mother did not appeal. Therefore, the withdrawal of her initial attorney did not affect Mother's ability to appeal from the January 26, 2012 Order Re: Trial.

(2) Mother contests the Family Court's ruling that excluded from the January/March 2013 trial evidence that was adduced regarding Mother's prior Petition for an Order for Protection, addressed during the September 2011 trial. Res

---

[5] Mother also appears to assert that her initial attorney did not present certain evidence during the September 2011 trial. [OB at 3] Inasmuch as Mother did not appeal from the final judgment in that proceeding, those issues cannot now be addressed on appeal.

judicata bars relitigation of an issue where:

> 1) the issue decided in the prior adjudication is identical with the one presented in the action in question; 2) there was a final judgment on the merits; and 3) the party against whom res judicata is asserted was a party or in privity with a party to the prior adjudication.

*Bush v. Watson*, 81 Hawai'i 474, 480, 918 P.2d 1130, 1136 (1996) (quoting *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 424, 539 P.2d 472, 475 (1975)) (brackets and internal quotation marks omitted).

Here, Mother apparently sought some re-adjudication of the issues of abuse decided in the prior September 2011 trial. The Family Court had entered a final order on the merits of those issues in the January 26, 2012 Order Re: Trial, stating that "[u]ntil further order of the [Family] Court, each party shall be, and is hereby, enjoined and restrained from threatening, abusing, or harassing the other party. Provided however the parties may text each other on visitation matters (such as 'running late' and so forth)." Mother does not propose any alternative use for the excluded evidence, and any claims that she would have had regarding abuse were barred in the second trial by res judicata. Accordingly, any evidence related to such claims was not relevant at the January/March 2013 trial, and was properly excluded by the Family Court.

(3) Mother appears to challenge the Family Court's decision to allow Son to stay with Father the evening after the first day of trial, from 7:00 p.m. on January 28, 2013, through the second day of trial, January 29, 2013. The issue is moot, however, because that particular interim custody determination expired on January 29, 2013 and was replaced by another interim custody determination on January 29, 2013, and then the ultimate custody determination in the Decree. *See Hamilton ex rel. Lethem v. Lethem*, 119 Hawai'i 1, 5, 193 P.3d 839, 843 (2008) ("The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination." (quoting *Lathrop v. Sakatani*, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006))).

(4) In divorce cases, the family court "must enforce all valid and enforceable premarital agreements, marital

agreements, and/or divorce agreements." *Epp v. Epp*, 80 Hawai'i 79, 88, 905 P.2d 54, 63 (App. 1995). In its Decree, the Family Court approved and incorporated by reference the parties' Agreement Incident to Divorce. Accordingly, the Agreement Incident to Divorce became part of the Decree. *Matsunaga v. Matsunaga*, 99 Hawai'i 157, 164, 53 P.3d 296, 303 (App. 2002) ("'[A] property settlement agreement incorporated into a decree of divorce loses its separate existence and becomes part of the decree.'" (quoting *Wallace v. Wallace*, 1 Haw. App. 315, 315, 619 P.2d 511, 511 (1980))).

Mother appears to challenge the validity of the Agreement Incident to Divorce, contending that it was entered into under duress, and that no interpreter was present to assist her during the settlement process. Based on the record on appeal, however, it is not clear if Mother raised this issue at trial,[6]/ and thus the issue is not preserved for appeal. *See Child Support Enforcement Agency v. Doe*, 109 Hawai'i 240, 246, 125 P.3d 461, 467 (2005) ("An issue which was not raised in the lower court will not be considered on appeal" (quoting *Kernan v. Tanaka*, 75 Haw. 1, 35, 856 P.2d 1207, 1224 (1993)).

(5) Mother's point of error concerning the Audi automobile relates to a provision in the Agreement Incident to Divorce. Mother agreed that Father could take possession of the Audi in the agreement, which stated that "[t]he 2007 Audi automobile, currently held in the name of [Father] is awarded to him as his sole and separate property[.]" As noted, absent evidence to the contrary, we must assume that the Agreement Incident to Divorce was valid and contains terms agreed upon by both the parties. Therefore, to the extent that Mother argues that these terms were unfair in the Agreement Incident to Divorce, her argument fails.

The Family Court was also authorized "to augment the settlement agreement by adding reasonable, nonsubstantive enforcement provisions." *Kumar v. Kumar*, No. CAAP-12-0000691, 2014 WL 1632111, at *10 (Haw. Ct. App. Apr. 23, 2014). In

---

[6]/ The trial transcripts were not made part of the record on appeal.

ordering that Father be allowed to take possession of the Audi in its Order to Continue Trial, the Family Court was adding a "reasonable, nonsubstantive enforcement provision" to what the parties had already agreed to in the Agreement Incident to Divorce. *See id.* Therefore, the court did not err in enforcing the provision.

(6) Mother claims that the Family Court abused its discretion in awarding temporary physical custody of Son to Father during the period of time where trial was continued due to Mother's health. The Order to Continue Trial included an interim custody determination as to who should have custody of Son pending the continuance of trial on March 4, 2013. This determination was valid only through March 4, 2013, and was later superceded by the ultimate custody determination in the Decree. Accordingly, any appeal on this issue is moot. *See Lethem*, 119 Hawai'i at 5, 193 P.3d at 843.

(7) Mother contends that the Family Court improperly set December 2012 as the date from which Father had to pay back child support and alimony arrears to Mother. The Order to Continue Trial stated that "[Father] is in arrears for alimony and child support for the total of [$]1772.00 less [$]457.58 for storage for a total of [$]1314.24 [sic]. This recognizes his payment of $1848.00." The order does not explain why the court might have used December 2012 as the baseline from which to apply offsets. Any further review is hindered by the fact that there is no transcript of the January/March 2013 trial in the record on appeal. Under these circumstances, Mother's point of error cannot be reviewed on appeal. *See Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (quoting *Union Building Materials, Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)) (brackets and internal quotation marks omitted)).

(8) At trial, Mother had requested that the Family Court award her $2,000 per month for at least five years, based on her lack of education and assimilation to the United States,

6

her significant debt incurred since the divorce proceedings began, her inability to work or obtain health insurance because of her medical condition, and Father's financial resources. On appeal, Mother makes similar claims regarding her health and rent expenses, debt, and difficulties establishing a career.

> Under the abuse of discretion standard of review, the appellate court is not authorized to disturb the family court's decision [regarding alimony] unless (1) the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant; (2) the family court failed to exercise its equitable discretion; or (3) the family court's decision clearly exceeds the bounds of reason.

*Wong v. Wong*, 87 Hawai'i 475, 486, 960 P.2d 145, 156 (App. 1998) (original brackets omitted) (quoting *Bennett v. Bennett*, 8 Haw. App. 415, 426, 807 P.2d 597, 603 (1991)). Under the circumstances here, the Family Court heard the evidence during the January/March 2013 trial and awarded Mother less alimony than she requested, but more than Father was willing to voluntarily pay. We cannot conclude on this record, that the Family Court abused its discretion by disregarding certain rules or principles of law, failing to exercise its equitable discretion, or exceeding the bounds of reason in making its alimony determination. *See id.*

(9) Mother argues that she should have been awarded a greater percentage of Father's military retirement. In the Agreement Incident to Divorce, the parties agreed that she would receive the "Linson share" of Father's retirement in accordance with the "Military Qualifying Court Order." The Decree states that Mother is awarded 40% of Father's military retirement in accordance with the "Military Qualifying Court Order."

Mother does not claim that the Family Court misinterpreted or misstated the percentage she was due under the "Military Qualifying Court Order." Moreover, that order was not made part of the record on appeal, and it is not clear that this court could review that order in any event. Therefore, Mother's argument on this issue is not addressed further.

(10) In challenging the Family Court's ultimate custody determination, Mother appears to contend that the court improperly weighed the evidence regarding, among other things,

the testimony and report of the custody evaluator and custody investigator. She challenges the credibility of various witnesses and attempts to introduce her own evidence in her opening brief.

Mother has not sustained her burden on appeal to show that the Family Court's determination as to what was in the best interest of Son was not supported by the record or clearly erroneous. Her challenges to the credibility of witnesses at trial cannot be heard on appeal. *In re Doe*, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) ("'It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.'" (brackets and ellipsis omitted) (quoting *State v. Jenkins*, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000))). Moreover, Mother cannot introduce new, unsubstantiated evidence for the first time on appeal. *See* HAW. REV. STAT. § 641-2 (2004) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."). Therefore, her challenge to the Family Court's decision that awarding Father sole legal and primary physical custody was in the best interest of Son is without merit.

(11) The Decree stated that in the event that Mother does not reside in the same locale as Son, Mother may have "[u]nlimited and liberal correspondence and . . . daily telephone, skype and/or email contacts at reasonable hours[,]" as well as visitation during Christmas, Spring and Summer vacations. Mother argues that Father is "concealing" Son from her by not allowing her telephone correspondence. Thus, she apparently seeks to enforce the terms of the Decree regarding correspondence. The proper method by which to enforce the terms of the Decree, however, is for Mother to apply to the clerk of the Family Court for enforcement of the Decree. *See* Haw. Fam. Ct. R. 70 (2000).

(12) Mother does not refer us to any statute or rule under which the Family Court could have awarded her attorneys' fees. Accordingly, her argument is without merit.

Therefore,

The June 6, 2013 Decree, the August 30, 2013 Findings of Fact and Conclusions of Law, and the October 31, 2013 Second Findings of Fact and Conclusions of Law are affirmed.

DATED:   Honolulu, Hawaiʻi, May 23, 2014.

On the briefs:

Paula K. Steingrebe,
Pro Se Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

9